IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                    **PLAINTIFF/RESPONDENT**

**V.**                      **CASE NO. 5:13-CR-50085**

**JAMES W. BOLT**                               **DEFENDANT/MOVANT**

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is the Report and Recommendation ("R&R") (Doc. 136) filed on October 10, 2017, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. The R&R concerns James W. Bolt's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 74). The Government filed a response to the Motion (Doc. 87), and an evidentiary hearing was held on September 20-21, 2017. Ultimately, Magistrate Judge Ford's R&R recommended denying Mr. Bolt's Motion. Then Mr. Bolt, through his counsel of record, filed objections to the R&R (Doc. 139), as well as certain exhibits (Doc. 142). This prompted the Government to file a response to the objections (Doc. 145).

When portions of a magistrate judge's report and recommendation draw specific objections, the district court is obligated to review the contested findings or recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, absent a specific objection, a district court should review a magistrate judge's report and recommendation for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Here, the Court has undertaken a *de novo* review of the case, including reviewing

the audio transcript of the entire two-day evidentiary hearing. The Court has paid particular attention to those portions of the R&R to which Mr. Bolt made specific objections and below rules on each objection in turn.

## I. PROCEDURAL OBJECTIONS CONCERNING THE EVIDENTIARY HEARING

Mr. Bolt has made two objections regarding how the Magistrate Judge ruled on discovery disputes that arose prior to and during the evidentiary hearing. Mr. Bolt argues, first, that the Government failed to timely comply with a Court Order (Doc. 104), which granted in part and denied in part Mr. Bolt's request to take certain depositions and to require the Government to produce certain documents. According to Mr. Bolt, the Government chose to release the documents at issue in "piecemeal" fashion and offered only "vague but seemingly plausible explanations as to why they did not produce the missing material." (Doc. 139, p. 2). As Mr. Bolt puts it, this "piecemeal release process" by the Government thwarted his ability to complete his own discovery plan and "derailed [his] pre-hearing preparation . . . ." *Id.* at 3. In the end, Mr. Bolt maintains that the Government never provided him with complete answers to certain of his requests for documents, and he characterizes the communications the Government had with him and with the Court as "deliberately misleading and incomplete," as well as "evasive." *Id.* at 6.

The Court has considered *de novo* the record of discovery disputes between the parties pertaining to the Motion to Vacate, including Mr. Bolt's Motion to Compel (Doc. 118) filed on June 14, 2017, the Government's letter of June 29, 2017, that detailed the items produced to Mr. Bolt in response to his discovery requests (Doc. 142-1), and the Court's Order on the Motion to Compel (Doc. 123), entered on July 14, 2017. After reviewing all

2

the evidence and considering the parties' arguments, the Court finds that Mr. Bolt's objections as to how the Magistrate Judge ruled on his discovery requests are **OVERRULED**.[1]

Further, the Court finds that Mr. Bolt suffered no manifest injustice or prejudice concerning his ability to prepare for the hearing due to any of the discovery issues he raised. His motions to compel filed prior to the hearing were fully briefed and then ruled on appropriately by Magistrate Judge Ford. Moreover, in the July 14, 2017 Order that denied as moot Mr. Bolt's Motion to Compel following a telephonic hearing, the Court observed that "counsel for the Movant *has expressed no objections* to the Government's efforts in providing the requested documentation." (Doc. 123) (emphasis added). In addition, Magistrate Judge Ford granted Mr. Bolt multiple extensions of time to prepare for the evidentiary hearing in light of his complaints about the voluminous discovery in this case.[2] But Mr. Bolt failed to file any discovery motions or otherwise alert the Court that he had discovery concerns *at any point after his last motion was ruled upon* in July of 2017,

---

[1] The Court also **DENIES** Mr. Bolt's Application for Citation and Order to Appear and Show Cause Why Plaintiff/Respondent and Its Agents Should Not be Held in Contempt of Court (Doc. 152) and Brief in Support (Doc. 153). In the Motion, Mr. Bolt references his continuing complaints about perceived deficiencies in the Government's production of documents and asks that the Government's attorneys and case agent be made to appear before the Court and show cause as to why they should not be held in criminal contempt for failing to respond to discovery requests to Mr. Bolt's satisfaction. The Court has already considered Mr. Bolt's complaints about discovery in this case, as well as Magistrate Judge Ford's rulings on the parties' discovery disputes, and finds that Mr. Bolt's recent Motion offers no new facts that would cause the Court to reconsider its decision concerning discovery.

[2] The evidentiary hearing was originally set for May 4, 2017. On Mr. Bolt's motion, the evidentiary hearing was continued to July 19, 2017. Then on July 10, 2017, he filed another motion to continue, and this, too, was granted. The hearing date was pushed three months to September 20, 2017.

3

and continuing to the first day of the evidentiary hearing on September 20, 2017. Although Mr. Bolt's counsel argued during the hearing that he was still unsatisfied with the Government's response to his most recent document request, see Doc. 143, he made this argument too late, and the Court refused to credit the delay tactic.

Mr. Bolt's second procedural objection is that the Magistrate Judge did not permit him to make a record during the evidentiary hearing concerning his "discovery problems." (Doc. 139, p. 9). He claims:

> The Court, after hearing only a small part of the discovery dispute, foreclosed defendant by ruling that a Rule 37 should have been filed earlier and since it was not, the issue was closed in favor of the government. The inability to even make a record for review by this court and perhaps the appellate court is a fundamental unfairness to defendant.

*Id.* The Court has reviewed the transcript of the evidentiary hearing and finds that the Magistrate Judge permitted Mr. Bolt's counsel to make a last-ditch objection that he was not as prepared for the hearing as he would have liked, due to the alleged insufficiency of the Government's document production, and that he requested yet another continuance of the hearing. Counsel's objection was properly overruled as untimely, and the discovery issue was preserved in the record. Moreover, the Court observes that Mr. Bolt's substantive complaints about the quality and sufficiency of the documents provided by the Government, as they are summarized in his objections to the R&R, appear to be either patently frivolous or completely tangential to the issues before the Court on the Motion to Vacate. The objection is therefore **OVERRULED**.

## II. SUBSTANTIVE OBJECTIONS TO THE R&R

Mr. Bolt offers nine substantive objections to the findings and recommendations in

the R&R. His first and fourth objections concern the finding that he waived any conflict of interest that might have existed between himself and his first trial attorney, Herb Southern. Mr. Southern presented Mr. Bolt with a written waiver document at some point during the representation, and the Magistrate Judge noted in the R&R that "[b]y signing the document, Bolt acknowledged that Southern and SA Cessario had a 'working relationship' in an unrelated case in which Southern was a material witness . . . ." (Doc. 136, pp. 3-4). Mr. Bolt argues that his waiver was ineffective because he lacked information at the time to adequately understand "just how extensive the contacts between Southern and Cessario were." (Doc. 139, p. 12). The Court has considered Mr. Bolt's objection and agrees with the Magistrate Judge that "the record fails to demonstrate the existence of an actual conflict of interest between Southern, SA Cessario, and Bolt." (Doc. 136, p. 22). The Court also agrees with the Magistrate Judge that "any conflict of interest, or even the appearance of a conflict of interest, was waived in writing by Bolt" and that "[n]o legal authority has been cited by Bolt to establish the existence of a conflict of interest by virtue of Southern's relationship with SA Cessario, and Bolt has failed to present any credible and substantial evidence in support of his claim." *Id.* These two objections as to conflict of interest are therefore **OVERRULED**. Mr. Bolt's ninth objection regarding the Court's failure to hold a hearing to adjudicate the question of his counsel's alleged conflict of interest is similarly **OVERRULED** for all the reasons cited in the R&R. *See id.* at 35.

Mr. Bolt's second objection is to the R&R's finding that the Government did not breach ts duties under the plea agreement. The undersigned presided over Mr. Bolt's sentencing and recalls the arguments that the Government's attorney made as to the

5

appropriate sentence Mr. Bolt should face. In addition, the Court carefully reviewed the transcript of the sentencing hearing to refresh the Court's recollection. During the sentencing hearing, Mr. Bolt's attorney at the time, Drew Miller, moved to withdraw Mr. Bolt's guilty plea based on the Government's lawyer's statements in open court about Mr. Bolt's criminal history. Mr. Miller made a speaking objection and charged the Government's counsel with breaching the Government's promise to recommend that Mr. Bolt be sentenced within the United States Sentencing Guidelines. Now that the Court has reviewed the transcript of the hearing, it finds that its decision to deny Mr. Miller's motion to withdraw the guilty plea was appropriate. This means that the Court also agrees with the Magistrate Judge's finding that the Government did not breach the plea agreement by recommending a sentence outside the Guideline range, and therefore, the second objection is **OVERRULED**.

The third objection is that the Magistrate Judge inappropriately failed to credit Mr. Bolt's testimony that he did not see Mr. Miller again after the sentencing hearing, and Mr. Bolt thought that Mr. Miller was no longer serving as his attorney at that point. The Court is unsure what point Mr. Bolt is attempting to make through this objection. Mr. Miller filed a notice of appeal of the Court's sentence on Mr. Bolt's behalf. *See* Doc. 65. The Magistrate Judge properly found that Mr. Miller did not perform deficiently on appeal by failing to raise the issue of whether the Government violated the plea agreement. As mentioned above, the undersigned presided over the sentencing hearing, and at that time ruled that the Government did not violate the plea agreement when it argued in favor of a particular sentence for Mr. Bolt. Accordingly, Mr. Miller appropriately declined to raise this objection again on appeal, as it lacked merit. For these reasons, the third objection is

**OVERRULED**.

Mr. Bolt's fifth objection concerns some bank records that were introduced as Government exhibits during the evidentiary hearing on the Motion to Vacate. Mr. Bolt claims these documents (Government's Hearing Exhibits 67-68) were not provided to him prior to the commencement of the hearing. He argues that "[g]etting these documents at that late date prevented Bolt from having a chance to contact the bank to verify the authenticity of the document that was a series of cancelled checks, or to verify with the Department of Human Services that the document was as represented." (Doc. 139, p. 13). Mr. Bolt now requests that the documents in question be stricken from the record and that the Magistrate Judge's discussion of them in the R&R also be stricken. *See* Doc. 136, pp. 32-33. Mr. Bolt contends he was prejudiced in some manner by the untimely production of these documents on the day of the hearing. However, he offers no reason why this evidence should be stricken other than the fact that he lacked the opportunity to verify its authenticity. In point of fact, during the two weeks following the conclusion of the hearing, but before the R&R issued, Mr. Bolt's attorney had plenty of time to verify the documents' veracity and to lodge the appropriate objection, if necessary. He failed to do so. Then counsel had another month and a half or so to investigate the veracity of the documents before he filed his objections to the R&R. Again, he failed to do so. To simply suggest at this point that *perhaps* the documents are inauthentic and should be stricken on that basis is not well taken. The objection is **OVERRULED**.

The sixth objection has to do with Mr. Southern's failure to file a motion to suppress and to request a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), concerning the

alleged existence of a thumb drive that was seized from Mr. Bolt's bedroom. This objection is also **OVERRULED**. Mr. Bolt's plea was knowing and voluntary and therefore waived any complaint of ineffective assistance based on counsel's failure to file a motion to suppress. "A defendant's knowing and intelligent guilty plea forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *United States v. Vaughan*, 13 F.3d 1186, 1187 (8th Cir. 1994) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Finally, Mr. Bolt's seventh and eighth objections claim that the Magistrate Judge erred in failing to credit Mr. Bolt's argument that Mr. Southern was not prepared for trial, and that Mr. Bolt pleaded guilty because he knew his attorney was unprepared. The Court agrees with the Magistrate Judge that "[h]ere, Bolt's decision to plead guilty represented his voluntary and intelligent choice among the alternatives available to him. It was not, as Bolt claims, the product of his counsel's failure to prepare for trial coupled with incompetent legal advice." (Doc. 136, p. 35). The objections are therefore **OVERRULED**.

### III. CONCLUSION

Now having overruled all of Mr. Bolt's objections, the Court hereby **ORDERS** that the Report and Recommendation (Doc. 136) is **ADOPTED AND APPROVED** in its entirety. The Motion to Vacate (Doc. 74) is **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** for the reasons set forth in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Mr. Bolt's Application for Citation and Order to Appear and Show Cause Why Plaintiff/Respondent and Its Agents Should Not be Held in Contempt of Court (Doc. 152) is **DENIED**.

**IT IS SO ORDERED** on this 14th day of June, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

9